**Calvin SHAZEL, Petitioner–Appellee,**

v.

**STATE of Tennessee, Respondent–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

April 6, 1998.

Katherine J. Kroeger, Office of Public Defender, Clinton, for Petitioner–Appellee.

John Knox Walkup, Attorney General & Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Associate Solicitor General, Nashville, Jan Hicks, Assistant District Attorney General, Clinton, for Respondent–Appellant.

## OPINION

LYLE REID, Special Judge.

This case presents for review the decision by the Court of Criminal Appeals that the defendant, who absconded and intentionally failed to appear at the hearing on his motion to set aside a plea of guilty, is entitled to post-conviction relief because he was denied effective assistance of counsel. The decision is reversed, and the petition for post-conviction relief is denied.

### I

The petitioner, Calvin Shazel, entered a plea of guilty to the charge of aggravated robbery, pursuant to a plea agreement whereby the petitioner would receive a Range I sentence and a hearing on his application for probation. The petitioner was represented by counsel, who advised him he was "a good candidate for probation." Counsel was not aware, and apparently neither was the prosecuting attorney or the trial judge, that pursuant to Tenn.Code Ann. § 40–35–303(a) (1997) offenders convicted of aggravated robbery were not eligible for probation. At the plea hearing, which was held on February 8, 1991, the trial judge told the petitioner, "You will have a probation hearing, but I can assure you that you will probably not get probation. You understand that?"

Prior to the scheduled probation hearing, the petitioner's counsel learned that the petitioner was not eligible for probation and so advised him. Counsel, at the request of the petitioner, filed a motion to set aside the guilty plea. The motion was filed less than two weeks after entry of the plea of guilty. Though disputed by the petitioner, the record supports the trial court's finding that counsel advised the petitioner, who was on bail, of the date on which the motion would be heard and that he needed to be present.

On the date the motion was scheduled to be heard, the petitioner did not appear. By order entered on April 9, 1991, the trial judge overruled the motion to set aside the guilty plea, upon finding that the petitioner had left the state in violation of the conditions of his bail and had abandoned the motion to set aside the plea.

Approximately 21 months later, on January 4, 1993, the petitioner voluntarily returned to the custody of the county sheriff.

On February 23, 1993, the trial court sentenced the petitioner to eight years in the Department of Corrections as a Range I standard offender.

### II

The petition for post-conviction relief alleges that counsel's erroneous advice regarding his eligibility for probation constituted ineffective assistance of counsel which entitles the petitioner to a new trial. At the post-conviction hearing, the petitioner testified that he would not have entered the plea of guilty if he had known he was not eligible for probation. His trial counsel testified that the hope for probation was important in the petitioner's decision to enter the guilty plea. The trial court found that the petitioner "knowingly and intentionally" abandoned the motion to withdraw the plea, that counsel's performance did not fall below the constitutional standard of effective assistance, and that because the petitioner "unjustifiably absconded," he was not entitled to relief under the post-conviction statute.

The Court of Criminal Appeals, in a divided opinion, reversed the trial court and granted the petitioner a new trial on the original indictment. That court found that the petitioner had been denied effective assistance of counsel. It further found that the petitioner, by absenting himself from the jurisdiction, as well as the hearing, had abandoned his right to appeal the denial of the motion to set aside the guilty plea. That court found, however, that, because the petitioner had been returned to custody, he was entitled to assert the denial of effective assistance of counsel as grounds for a new trial and remanded the case to the trial court. The dissenting judge opined that the petitioner's willful failure to pursue the motion constituted a waiver of his constitutional right pursuant to Tenn.Code Ann. § 40–30–112(b)(1) (1990).

### III

█ There obviously is an important distinction between the right to *seek* relief in

a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding. Convicted felons, while on escape status, are barred from seeking relief on direct appeal or by post-conviction proceedings. *French v. State*, 824 S.W.2d 161, 162, 164 (Tenn.1992); *Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647, 648 (1947). Convicted felons who have returned to State custody are not precluded by having absconded from pursuing post-conviction relief. *French v. State*, 824 S.W.2d at 163. However, having escaped and returned to custody bestows no new benefits; the petitioner has the burden of showing that within the limitations of the post-conviction law he is entitled to relief. One such limitation is that set forth in Tenn. Code Ann. § 40–30–112(b)(1) (1990) [1]:

> A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

In reaching the conclusion that the petitioner is entitled to a new trial, the Court of Criminal Appeals relied upon *French v. State*. *French* supports the conclusion that the petitioner is not precluded from filing a petition for post-conviction relief, but *French* does not support the finding that the petitioner is entitled to a new trial upon the original indictment. In *French*, the single determinative issue for review was "whether a convicted defendant who flees the jurisdiction and is later recaptured waives all rights to solicit post-conviction relief." *French v. State*, 824 S.W.2d at 161. In that case, the defendant fled the jurisdiction during the trial and was sentenced *in absentia*. After he again was in custody, French filed a petition for post-conviction relief, in which he charged that he had been denied effective assistance of counsel. The Court of Criminal Appeals dismissed the petition on the ground that the petitioner had waived all rights to post-conviction review by fleeing the jurisdiction during trial. This Court held that the petitioner was not precluded from pursuing post-conviction relief and that "ineffective as-

sistance of counsel at trial is a constitutional issue which is the proper subject of a petition for post-conviction relief." *Id.* at 163. The court observed that "a post-conviction petition is not a vehicle to review errors of law as a substitute for a direct appeal." *Id.* The case was remanded to the Court of Criminal Appeals for a hearing on the merits.

■ In the instant case, the Court of Criminal Appeals went beyond finding that the petitioner is not precluded from seeking post-conviction relief, it found that the petitioner is entitled to relief and remanded the case to the trial court for a new trial. The record supports the finding that counsel's advice regarding the right to probation was deficient. Counsel obviously made a mistake in advising the petitioner that he had the right to apply for probation. The record shows that the hope, though hardly the expectation, for probation was an important consideration in the petitioner's choice to forego his right to a trial. Counsel's error was a significant factor in the petitioner's decision to plead guilty. The right to a trial is protected by the constitution regardless of the anticipated outcome. U.S. Const. amend. VI; Tenn. Const.Art. I, §§ 6, 9. Consequently, the petitioner was entitled to have the plea set aside.

Nevertheless, the petitioner is not entitled to relief on post-conviction unless he demonstrates that there is a reasonable probability that but for counsel's deficient performance the result of his trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). Where, as in this case, the petitioner pleaded guilty, he is not entitled to relief on post-conviction unless he demonstrates "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985). There is unrefuted evidence that the petitioner would not have pleaded guilty but for counsel's erroneous advice. However, the petitioner has not demonstrated that but

---

1. Tenn.Code Ann. § 40–30–112(b)(1) was repealed in 1995 with the enactment of the Post Conviction Procedure Act. *See* Tenn.Code Ann. §§ 40–30–201 to 40–30–222 (1997).

for the erroneous advice the result of the case would have been different. Entering the plea of guilty did not conclude the case. Had the trial judge granted the petitioner's motion to withdraw the guilty plea, the error would have had no effect on the outcome of the trial; the petitioner would have had the case which he now seeks. The motion to withdraw the guilty plea was not denied because of counsel's error or because of the trial judge's error, it was denied because the petitioner waived the right to have the case proceed to its conclusion, including an appeal. The proceedings were not concluded because of counsel's error; they were concluded because the petitioner forfeited his right to proceed.

A criminal defendant cannot interrupt or terminate a criminal proceeding by his failure to pursue the legal procedures available for the correction of errors and then, in a post-conviction proceeding, seek relief based on an error committed during the proceeding. This issue is addressed directly by Tenn.Code Ann. § 40–30–112(b)(1). The petitioner failed to pursue his claim for relief in a proceeding before a court of competent jurisdiction in which counsel's error was being asserted as the ground for relief. *French* is not *contra* authority on this point. The opinion in *French* does not reflect how counsel's performance was deficient, it only recites that counsel provided ineffective assistance "for various reasons." The Court then stated it was "highly unlikely" that counsel would assert his own incompetence as a ground for relief on appeal. That problem is not present in the instant case. The ground stated in the motion to set aside the guilty plea was that "the defendant pled under the mistaken belief that he was eligible for probation," which is the same ground on which the petitioner seeks a new trial in this post-conviction proceeding. Though not determinative, the motion to set aside the guilty plea probably would have been granted because it is obvious that the district attorney general and the trial judge shared some responsibility for the petitioner's false expectation that he would have a probation hearing. In any event, the allegations stated and the relief sought in the motion which was pending when the petitioner absconded are in substance the same as the allegations stated and the relief sought in the petition for post-conviction relief. That ground for relief was waived when the petitioner absconded.

In summary, the petitioner is not precluded by his prior status as a fugitive from maintaining a proceeding for post-conviction relief based on ineffective assistance of counsel; however, he is not entitled to relief because he waived the right and opportunity to have the plea entered on counsel's advice corrected in the trial court or on appeal.

The judgment of the Court of Criminal Appeals is reversed, and the petition for post-conviction relief is denied.

Costs are taxed against the petitioner.

ANDERSON, C.J., and DROWOTA and HOLDER, JJ., concur.

BIRCH, J., not participating.