IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**FRANKLIN DAN RICKMAN v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Dyer County**
**No. C98-54 AND C98-55     Lee Moore, Judge**

---

**No. W1999-01781-CCA-R3-PC - Decided February 2, 2000**

---

Petitioner was convicted of theft and felony escape, and brought a post-conviction proceeding challenging his convictions. The petition was denied by the trial court. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WOODALL, J., delivered the opinion of the court, in which HAYES, J. joined, and RILEY, J., not participating.

Franklin Dan Rickman, *pro se*, Only, Tennessee.

Paul G. Summers, Attorney General and Reporter, Patricia C. Kussmann, Assistant Attorney General, C. Phillip Bivens, District Attorney General, and James Lanier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

JUDGE WOODALL delivered the opinion of the court.

Petitioner, Franklin Dan Rickman, appeals as of right from the dismissal of his post-conviction petition by the Dyer County Circuit Court. At the post-conviction hearing Petitioner argued that he received ineffective assistance of counsel when he entered a guilty plea to one count of theft, more than $1,000 in value, and one count of felony escape. Petitioner also alleged sentencing errors. The post-conviction court denied the petition in a written order. On appeal, Petitioner now argues (1) the trial court erred in its determination that Petitioner's trial counsel was effective; (2) the trial court erred when it continued Petitioner's post-conviction hearing; (3) the trial court erred in its determination that Petitioner waived all issues in the post-conviction petition that were not raised in the post-conviction proceeding; and (4) petitioner received ineffective assistance of counsel in the post-conviction process. After a review of the record and applicable law we hold that the only issues properly before us are those of waiver and ineffective assistance of counsel. As to the issue of waiver, the evidence does not preponderate against the ruling of the post-conviction court. Accordingly, Petitioner is not entitled to relief on this issue. As to the issue of ineffective assistance of counsel, after conducting a <u>de novo</u> review we conclude that Petitioner has not

established either prong of the <u>Strickland</u> test. We thus affirm the post-conviction court's denial of the petition.

## I. Procedural History

While incarcerated on charges of theft of a pick-up truck, Petitioner escaped from the Dyer County Jail. He was subsequently recaptured, and on February 9, 1998, Petitioner was indicted by a Dyer County grand jury on one count of theft, more than $1,000 in value, and one count felony escape. On February 27, 1998, he entered a guilty plea to both charges. The trial court sentenced Petitioner, as a Range II offender, to four (4) years for the theft, and (2) years for the escape. Petitioner was on probation for two prior convictions at the time that he committed the crimes at issue, and the trial court revoked Petitioner's probation on both prior convictions. Petitioner's effective sentence for the two prior convictions and the two new crimes was seven (7) years. The two prior sentences were four (4) years and (1) year, to be served consecutively. Petitioner's theft sentence was to run concurrently with the prior sentences, and Petitioner's escape sentence was to be served consecutive to all sentences.

Petitioner filed a pro se petition for post-conviction relief on June 24, 1998. He raised five grounds for relief: (a) unlawfully induced guilty plea; (b) involuntarily entered guilty plea; (c) coerced confession; (d) confession based on violation of the privilege against self-incrimination; and (e) ineffective assistance of counsel. Counsel was appointed for Petitioner, and the post conviction hearing was scheduled for September 24th, 1998. On that day, however, Petitioner's trial counsel failed to appear as a witness, and the hearing was continued to October 29, 1998. After the hearing on October 29, the post-conviction court denied the petition in a written order on November 10, 1998.

## II. Post-conviction hearing

The post-conviction hearing occurred on October 29, 1998. Petitioner's proof consisted solely of his testimony. The State's only proof was the testimony of Petitioner's trial counsel.

Petitioner testified that he had two grounds on which he felt he was entitled to post-conviction relief: "denial [of] assistance of counsel and violation of my time on my sentence." Petitioner alleged that his trial counsel was ineffective for two reasons. First, Petitioner testified that his trial counsel refused to go to trial–and told Petitioner that he could help Petitioner only if Petitioner pled guilty to the theft and escape charges. Second, Petitioner testified that trial counsel met with Petitioner one time only, on the day that Petitioner pled guilty, and that at that time trial counsel had alcohol on his breath "and his eyes was dilated like he'd been smoking crack." Petitioner also testified that the Department of Correction could not compute his sentence and time served because of errors in his sentencing paperwork.

On cross examination Petitioner acknowledged that on the date of his plea bargain he agreed to the plea, and he signed the form titled "Plea of Guilty and Waivers of Jury Trial and Appeal."

-2-

Petitioner also acknowledged that he was under oath that day, and remembered telling the judge accepting the plea that he was satisfied with trial counsel's performance. Petitioner stated that he was not telling the truth at that time–he lied under oath because trial counsel wanted him to, and that Petitioner did not feel that he had any other course of action available to him. By comparison, Petitioner asserted that he was telling the truth in the post-conviction hearing.

Petitioner acknowledged that he spoke with someone in the Public Defender's office by telephone on the day before his appearance, but denied that he spoke with trial counsel. Petitioner also conceded that at the time of his plea bargain he was very concerned with getting out of the Dyer County jail and to the state penitentiary. Petitioner explained this concern by stating that he wanted to get to the penitentiary as fast as possible because he realized trial counsel was not going to assist him, and thus the sooner he got to the penitentiary the sooner he could file a collateral attack against the plea.

The State's only evidence was the testimony of Petitioner's trial counsel. Trial counsel testified that based on his file notes he spoke with Petitioner in person or by telephone on one instance prior to the day that Petitioner pled guilty. Trial counsel could not remember if Petitioner insisted on going to trial–in fact, he could not remember any discussions regarding a trial. The only note in trial counsel's file that provided any information was a note regarding a court date on 2/27/98 at 1:00 PM. Trial counsel noted that it was a Friday–and thus concluded that Petitioner pled guilty at his appearance.

On cross-examination trial counsel reiterated that he did not recall if Petitioner wanted a trial. He stated that the extent of the investigation made by his office–given that Petitioner pled guilty at his appearance–would have been limited to a review of any material obtained in discovery. Trial counsel acknowledged that his license to practice law was suspended for 30 days beginning on 1/16/98, and that he was reprimanded by the Tennessee Supreme Court for practicing law within the suspension period. When post-conviction counsel asked trial counsel if trial counsel had consumed any drugs or alcohol on the morning of 2/27/98 trial counsel testified "not that I recall."

The post-conviction court denied the petition in a written order on November 10, 1998. The court concluded:

> [Trial counsel] is an experienced criminal defense attorney. We simply have a situation here where the Petitioner now disputes his sworn testimony given on February 27, 1998. Under the circumstances, the Court does not feel that the Petitioner has carried his burden of proof in proving the necessary elements by a preponderance of the evidence. Petitioner has failed to show the counsel's performance was deficient or that he was prejudiced to the extent that there was a reasonable probability that, but for counsel's unprofessional errors, the result of a trial would have been different. The Petitioner has also failed to establish by a preponderance of the evidence that "but for his counsel's errors, he would not have plead guilty and would have insisted on going to trial. (sic)

The Petitioner has failed to show by a preponderance of the evidence that he did not understand what he was doing when he was pleading guilty. In fact, the transcript of the guilty plea and sentencing hearing shows quite clearly that the Petitioner knew very well what he was doing in entering his plea and that the plea was made knowingly, voluntarily, and understandably. The proof also shows that at the time he was satisfied completely with the manner in which he had been represented by the Public Defender, [trial counsel].

Defendant's petition for post-conviction relief is denied.

### III. Analysis

Petitioner's request for post-conviction relief is governed by the Post Conviction Procedure Act of 1995. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). In order to obtain post-conviction relief a petitioner must allege that his conviction or sentence is void or voidable because of an abridgement of a constitutional right. Id. § 40-30-203. If granted an evidentiary hearing, the petitioner has the burden of proving the allegations by clear and convincing evidence. Id. § 40-30-210(f). The trial judge's findings of fact and conclusions of law in a post-conviction proceeding are afforded the weight of a jury verdict. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim App. 1990). Consequently, this Court is bound the trial judge's findings of fact unless we conclude that the evidence preponderates against the judgment entered by the post-conviction court. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991).

Our examination of the post-conviction court's decision is constrained by three fundamental rules of appellate review. First, this Court cannot reweigh or reevaluate the evidence. Nor may this Court substitute its inferences for those drawn by the trial judge. Black, 794 S.W.2d at 755. Second, any questions regarding the credibility of the witnesses, the weight and value to be given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge. Id. Third, Petitioner bears the burden of proof, and must show why the evidence in the record preponderates against the judgment entered by the post-conviction court. Id.

The above standards are modified when the claim for relief is ineffective assistance of counsel. In State v. Burns our Supreme Court held that a claim of ineffective assistance of counsel raised on direct appeal raises mixed questions of law and fact, and thus is subject to a de novo review. State v. Brenda Anne Burns, __ S.W.3d __, No. W1996-00004-SC-R11CD, 1999 WL 1006315 at *6 (Henry County) (Tenn., Jackson, Nov. 8, 1999). In so holding, the Supreme Court made clear that a defendant alleging ineffective assistance of counsel on direct appeal must prove his claim by clear and convincing evidence–the same standard of proof required of a petitioner bringing the same claim in a post-conviction petition. See id. at * 6 n.5. We interpret Burns as requiring the application of the same legal criteria to all claims of ineffective assistance of counsel, regardless of whether a claim is raised on direct appeal or in a post-conviction petition. Thus the claim of ineffective assistance of counsel before us is reviewed de novo.

Initially, we note that issues (1), ineffective assistance of counsel, and (3), waiver of other grounds for post-conviction relief, are properly before us, but that the other two issues are not. As to issue (2), Petitioner argues that the trial court erred when it continued Petitioner's post-conviction hearing because Petitioner's trial counsel was not present to testify. This issue is waived because Petitioner did not make a contemporaneous objection to the continuance at the post-conviction proceeding. See Tenn. Code Ann. § 40-30-216 (1997) (post conviction appeal governed by T.R.A.P.); T.R.A.P. 36(a); Teague v. State, 772 S.W.2d 915, 926 (Tenn. Crim. App. 1988); State v. Killebrew, 760 S.W.2d 228 (Tenn. Crim. App. 1988). In fact, Petitioner's counsel cooperated fully with the court in rescheduling the hearing.

Waiver notwithstanding, it is well settled that the grant or denial of a continuance rests within the sound discretion of the trial judge. Harris v. State, 947 S.W.2d 156, 173 (Tenn. Crim. App. 1996) (citing State v. Morgan, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991)). When a defendant challenges the denial of a continuance a judgment will only be reversed if (1) the denial was an abuse of discretion, and (2) the defendant was prejudiced, to be proved by a showing that there is a reasonable probability that, had the continuance been granted, the results of the proceeding would have been different. Morgan, 825 S.W.2d at 117 (citing State v. Dykes, 803 S.W.2d 250, 257 (Tenn. Crim. App. 1990); Baxter v. State, 503. S.W.2d 226, 230 (Tenn. Crim. App. 1973)). The same showing is required when a defendant challenges a continuance granted to the State. See State v. Hoffman, 279 P.2d 898, 902 (Ariz. 1955). Here, Petitioner alleges that he was prejudiced because his trial counsel was not hunted down and forced to testify on the original hearing date–presumably because counsel would have appeared under the influence, thus substantiating Petitioner's allegations that trial counsel had a drug and alcohol problem at the time he represented petitioner. There is, however, no evidence in the record that substantiates this claim. Petitioner has not shown prejudice. Absent any such evidence, we cannot say that the trial judge abused his discretion in granting the continuance.

As to issue (4), Petitioner argues that his post-conviction counsel was ineffective. There is no constitutional right to counsel in a post conviction proceeding, and thus there is no constitutional right to an effective counsel in a post-conviction proceeding. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). Nor is there a statutory right to an effective post-conviction counsel. Id. As a result, Petitioner's claim is without merit.

The first issue properly before us is that of waiver. Petitioner argues that the trial court erred when it determined that Petitioner was proceeding with his ineffective assistance of counsel and sentencing claims, but waived all other issues raised in the post-conviction petition. The Post-Conviction Procedure Act requires a post-conviction court enter a findings of fact and conclusions of law for each claim set forth in the post-conviction petition. Tenn. Code Ann. § 40-30-211(b) (1997). This requirement is mandatory–and necessitates that the trial court determine which claims a petitioner is pursuing and which are waived. If a petitioner fails to present a claim for determination in any proceeding before a court of competent jurisdiction in which the claim could have been presented, the claim is waived. Id. § 40-30-206(g).

Here, Petitioner chose to testify, and he was asked by post-conviction counsel to state the grounds for his petition. Petitioner replied: "It's for denial assistance of counsel and violation of my time on my sentence (sic)." Petitioner's subsequent testimony during direct examination pertained only to these claims. When the State asked Petitioner on cross examination if Petitioner was pursuing a ground of relief based upon a coerced confession, Petitioner answered "I'm not proceeding with that. I've done talked with my lawyer about that. I'm just going for denial of assistance of counsel." We think the evidence in the record clearly supports the determination of waiver by the trial judge. Although the post-conviction court was a court of competent jurisdiction in which the grounds in the petition could be addressed, Petitioner completely ignored all the grounds for relief in the petition except ineffective assistance of counsel and the sentencing issue. As a result, Petitioner cannot show that the evidence in the record preponderates against the judgment entered by the post-conviction court, and Petitioner is not entitled to relief on this issue.

We now turn to Petitioner's allegation that his trial counsel was ineffective. Petitioner alleges a violation of his right to counsel under the 6th Amendment of the United States Constitution, and Article I, § 9 of the Constitution of Tennessee. In determining whether counsel provided effective assistance this Court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim that his counsel was ineffective at the guilty plea stage a petitioner bears the burden of proving two elements: First, he must prove that his counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). This element is proved by showing that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Second, the petitioner must show that he was prejudiced by his counsel's unprofessional errors, such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Shazel v. State, 966 S.W.2d 414, 416 (Tenn. 1998) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370-71 (1985)). As discussed above, our review of the trial court's determination on this issue is de novo. See Burns, 1999 WL 1006315 at *6.

When reviewing a defense attorney's actions, this Court may not use "20-20" hindsight to second-guess counsel's decisions regarding trial strategy and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Moreover, counsel's alleged errors should be judged at the time they were made in light of all the facts and circumstances. Strickland, 466 U.S. at 690; Cooper 849 S.W.2d at 746.

We think that Petitioner has not established either prong of the Strickland test by clear and convincing evidence. Petitioner has alleged that trial counsel's performance was objectively deficient–but has produced no evidence of this deficient conduct other than Petitioner's own testimony. This evidence consists of the bare allegations that trial counsel refused to help defendant, met with defendant but one time, and was under the influence at the time Petitioner pled guilty. This testimony is contradicted by Petitioner's prior sworn testimony at the guilty plea hearing:

The Court:    Okay. Now, have you talked with [trial counsel] about all these cases?
Petitioner:    Yes, I have.

The Court:     Has [trial counsel] answered all your questions?
Petitioner:    Yes, he has.
The Court:     Okay. Are you satisfied with the way he has represented you?
Petitioner:    Yes, I am.
The Court:     He's done everything you've asked him to do?
Petitioner:    Yes, sir.

The viability of Petitioner's claim falls squarely within the purview of the trier of fact. The post-conviction court was in the best position to assess Petitioner's and trial counsel's credibility. The post-conviction court did not credit Petitioner's testimony–and found that "the transcript of the guilty plea and sentencing hearing shows quite clearly that the Petitioner knew very well what he was doing . . . . The proof also shows that at the time he was satisfied completely with the manner in which he had been represented . . . ."

We note that the post-conviction court applied the wrong standard of proof to Petitioner's claim–Petitioner needed to prove his allegations by clear and convincing evidence, not by the preponderance of the evidence. However, under the correct standard, the result is the same. Petitioner has not proved deficient performance or prejudice.

### III. Conclusion

For the above reasons we affirm the post-conviction court's denial of the petition.

Woodall, J.
Hayes, J.
Riley, J. (Not Participating)

-7-