IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## JERE LOWELL JOSEPH, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. C96-16, C97-284     J. Steven Stafford, Judge**

―――――――――――――

**No. W1999-00651-CCA-R3-PC - Decided July 19, 2000**

―――――――――――――

The petitioner, Jere Lowell Joseph, Jr., appeals two post-conviction cases, claiming that the trial court erred in holding that the petitioner received the effective assistance of counsel in both cases. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIPTON, J., delivered the opinion of the court, in which HAYES and WILLIAMS, JJ., joined.

Dean P. Dedmon, Dyersburg, Tennessee, attorney for appellant, Jere Lowell Joseph, Jr.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Greg Alford, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Jere Lowell Joseph, Jr., appeals as of right from the Dyer County Circuit Court's denying him post-conviction relief in two cases. The first case relates to his April 1996 conviction upon his guilty plea to felonious possession of one-half or more grams of cocaine and his resulting eight-year sentence. See State v. Jere Lowell Joseph, No. 02C01-9607-CC-00219, Dyer County (Tenn. Crim. App. Dec. 1, 1997). The second case relates to his February 1998 conviction upon his guilty plea to failure to appear in court and his resulting one-year sentence to be served consecutively to his eight-year sentence. The cases are connected only by the fact that the failure to appear offense relates to the petitioner not appearing for his probation revocation hearing in the cocaine case. Otherwise, they involve separate facts and separate trial attorneys. In both cases, the petitioner contends that the trial court erred in concluding that he was not the victim of the ineffective assistance of counsel. We disagree.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made in the context of a guilty plea, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of there being a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). This standard has been applied, as well, to cases involving Article I, Section 9 of the Tennessee Constitution. See, e.g., Shazel v. State, 966 S.W.2d 414, 416 (Tenn. 1998).

Also, we note that the approach to the issue of ineffective assistance of counsel does not have to start with an analysis of counsel's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984).

The burden was on the petitioner in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In the cocaine case, the record reflects that the prosecution arose from the discovery of cocaine by police officers in a trailer at which the defendant was present. Although the trial court had already established that the petitioner had a reasonable expectation of privacy in the trailer, the petitioner's attorney elicited from him the fact that he was in possession of cocaine at the time of the search. As for the search, the police claimed that while standing at the front door of the trailer, they saw through a window that the petitioner was putting drugs in a bathroom vent. They entered the trailer and found 6.8 grams of cocaine. Ultimately, pursuant to an agreement, the petitioner pled guilty and reserved a certified question for appeal relating to the search and seizure. He was also recommended for boot camp, which he did enter and from which he was placed on probation.

The petitioner contends that his trial attorney was ineffective for having him testify at the suppression hearing and admit to the possession of cocaine. He claims that this incriminated him and left him "no other recourse but to enter a plea of guilt to the charge of which he was accused." At the post-conviction hearing, the trial attorney stated that the petitioner wanted to rest his defense on the fact that there was no possible way that the officers could have seen him in the bathroom because the door was closed. However, neither party questioned the attorney as to why he had the petitioner testify at the suppression hearing regarding his cocaine possession. We note that the petitioner did not testify at the post-conviction hearing. The trial court concluded that although counsel's questioning of the petitioner at the suppression hearing was "excessive," it did not give rise to any prejudice.

We conclude from the record that the petitioner's attorney's performance was within the range of competence demanded of attorneys in criminal cases and that his actions did not prejudice the petitioner. The police officers were ready to testify to the petitioner's cocaine possession, a fact that the defense could not realistically attack. The sole defense shown by the record to be available was the claim of an unreasonable search and seizure. To this end, the petitioner's testimony at the suppression hearing made no difference in his exposure to conviction. Moreover, nothing in the record suggests that the petitioner's plea bargain and guilty plea were motivated in any way by his admitting at the suppression hearing that he possessed cocaine. The petitioner received the effective assistance of counsel in the cocaine case.

In the failure to appear case, the record reflects that the petitioner failed to appear at a probation revocation hearing on November 21, 1997. Unknown to the attorney who was representing him in the revocation case, the petitioner was required to appear in court in Tipton County at 1:00 p.m., the same time set for the revocation hearing. Upon learning that the petitioner was not present, the trial court delayed the matter until later in the afternoon. However, the petitioner never arrived, and he was immediately charged with failure to appear. Subsequently, the petitioner's attorney received a letter from the petitioner's attorney in the Tipton County case confirming that the petitioner had been in court in Tipton County, and the attorney notified the prosecutor's office of such fact. Ultimately, the defendant pled guilty and received a one-year sentence as a Range I offender pursuant to a plea bargain, even though he was eligible for Range II status.

At the post-conviction hearing, the petitioner's attorney in the failure to appear case testified that he discussed with the petitioner all of the available options, including his exposure to a Range II sentence and the potential use of the letter from the other attorney. He said that the petitioner chose to enter the guilty plea pursuant to the plea agreement.

The petitioner contends that had his attorney "informed the Court and the District Attorney General's office by way of the filing of defensive pleadings" regarding his court conflicts, "the outcome of this case would have been different . . . ." However, the petitioner's attorney did notify the prosecutor about the conflict and was able to negotiate an agreement by which the petitioner would serve less time than if he went to trial. There is simply no support in the record for any claim that the petitioner received the ineffective assistance of counsel.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.