IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 26, 2018

**DERRICK HELMS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Cumberland County**
**No. 15462    David A. Patterson, Judge**

———————————————————

**No. E2017-02421-CCA-R3-PC**

———————————————————

Petitioner, Derrick Helms, appeals the summary denial of his pro se petition for post-conviction relief. He argues that the post-conviction court did not follow the proper procedures for a preliminary consideration of his petition and that the allegations in the petition, when taken as true, stated a colorable claim for relief. The State concedes that the post-conviction court erred in its summary denial of relief without the appointment of counsel and a hearing. Upon review, we reverse the judgment of the post-conviction court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Wesley D. Stone, Knoxville, Tennessee, for the appellant, Derrick Helms.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Phillip Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 24, 2016, Petitioner pleaded guilty, as a Range I standard offender, to two counts of promotion of methamphetamine manufacturing and received agreed upon concurrent sentences of six years on both counts. On October 23, 2017, Petitioner filed a timely pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel. Petitioner asserted that trial counsel "never allowed [] [P]etitioner

to review the discovery and therefore [P]etitioner could not make an informed decision on whether to plead guilty to the charges." Upon a preliminary review, the post-conviction court concluded that it could not "find a basis for believing the allegation contained in the [p]etition in light of the sworn testimony of [] Petitioner during the plea process" and entered a written order denying post-conviction relief on November 9, 2017. This timely appeal follows.

ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the post-conviction court may dismiss the petition. Tenn. Code Ann. § 40-30-106(f). If the petition does state a colorable claim, the post-conviction court "shall enter a preliminary order." Tenn. Code Ann. § 40-30-107(a). The order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. Tenn. Code Ann. § 40-30-107(b)(1). The preliminary order shall also direct the petitioner or the petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. Tenn. Code Ann. § 40-30-107(b)(2).

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing Tenn. Code Ann. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing Tenn. Code Ann. § 40-30-109). The dismissal of the petition by the post-conviction court is an issue of law, therefore, this court

conducts a de novo review without a presumption of correctness. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (citing *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001)).

Here, Petitioner alleged that trial counsel rendered ineffective assistance based on trial counsel's failure to review discovery with Petitioner and that trial counsel's ineffectiveness resulted in an unknowing guilty plea. In the light most favorable to Petitioner, the allegations state a colorable claim for post-conviction relief. Therefore, the post-conviction court erred in summarily denying the petition.

In its order denying the petition, it appears that the post-conviction court considered the evidence in the case and determined that Petitioner would not prevail on his claims on the merits. While the post-conviction court may ultimately be correct in its determination, "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." *William Alexander Cocke Stuart v. State*, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004) (citing *Roosevelt Malone v. State*, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003)), *no perm. app. filed*; *see also* Tenn. Code Ann. § 40-30-106(b)-(d); *Gregory D. Valentine v. State*, No. M2014-00977-CCA-R3-PC, 2015 WL 274181, at *7 (Tenn. Crim. App. Jan. 21, 2015), *no perm. app. filed*. Furthermore, there is no requirement that a petitioner prove his claims at the preliminary stage; he must only allege a colorable claim in his petition. *See Shazel v. State*, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to *seek* relief in a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding."). Additionally, the post-conviction court's consideration of Petitioner's comment at the guilty plea hearing of satisfaction with trial counsel's performance is not a proper basis for summarily denying the petition. In *Rodney M. Butler v. State*, No. W2009-02183-CCA-R3-PC, 2011 WL 1137059 (Tenn. Crim. App. Mar. 28, 2011), *no perm. app. filed*, this court explained:

> . . . Petitioner's statement under oath at the guilty plea hearing that he was "satisfied" with his attorney's representation, while perhaps compelling evidence contrary to testimony of deficient representation in a post-conviction hearing, does not equate to a legal determination that counsel rendered constitutionally effective assistance of counsel. At the time of a guilty plea, a defendant who knows not better, might be "satisfied" with his or her counsel's representation, and later discover that the representation was constitutionally ineffective.

*Id.* at *3.

CONCLUSION

In the light most favorable to Petitioner, the allegations in his petition state a colorable claim for post-conviction relief, and the post-conviction court erred in summarily dismissing the petition. Accordingly, the judgment of the post-conviction court is reversed, and we remand this case to the post-conviction court to appoint counsel for Petitioner and hold an evidentiary hearing as required under the Post-Conviction Act.

_____
ROBERT L. HOLLOWAY, JR., JUDGE