IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 27, 2019

**JERRY LEWIS TUTTLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County**
**Nos. 21695, 22091   Stella L. Hargrove, Judge**

_____

**No. M2018-00768-CCA-R3-PC**

_____

The Petitioner, Jerry Lewis Tuttle, appeals the Maury County Circuit Court's summary dismissal of his pro se petition for post-conviction relief as previously determined and/or failing to state a colorable claim. In this appeal, the State concedes, and we agree, that the Petitioner stated a colorable claim for relief. Accordingly, we reverse the judgment of the post-conviction court and remand for appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Brandon E. White, Columbia, Tennessee, for the Petitioner, Jerry Lewis Tuttle.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Brent A. Cooper, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

This case stems from the Petitioner's various convictions in connection with a drug trafficking conspiracy for which he was sentenced to fifty years' imprisonment with a release eligibility of thirty-five percent. See State v. Jerry Lewis Tuttle, No. M2014-00566-CCA-R3-CD, 2015 WL 5251990, at * 1 (Tenn. Crim. App. Sept. 8, 2015) rev'd in part by State v. Tuttle, 515 S.W.3d 282 (Tenn. 2017). The following summary was recited in the Tennessee Supreme Court's opinion from the direct appeal:

> In 2012, the Maury County Grand Jury returned two separate indictments charging the [Petitioner], [], with multiple offenses in

connection with a drug trafficking conspiracy. The indictments were issued after officers executed a search warrant on April 24, 2012, for property located at 4571 Dugger Road, Culleoka, Tennessee, in Maury County ("4571 Dugger Road property"). The property consisted of "5.77 acres," and the [Petitioner] resided in a mobile home on the property with his wife, [], who was the record owner of the property. The warrant authorized officers to search the [Petitioner's] "single wide mobile home gray in color with an attached wood constructed covered front po[ ]rch" and "all outbuildings, outhouses and storage buildings, and all vehicles found thereon." Officers were authorized to seize "[m]arijuana, all equipment, devices, records, computers and computer storage discs . . . used for the purpose of producing, packaging, dispensing, delivering or obtaining controlled substances, or recording transactions involving controlled substances, [and] any indicia of ownership, dominion, or control over the premises to be searched . . . ."

When the warrant was executed, officers found, inside the residence, eight pounds of marijuana, almost a half an ounce of cocaine, and between $95,000 and $98,000 cash, in $100 and $50 bills, as well as multiple guns, a large scale capable of weighing items up to thirteen pounds, a small scale capable of weighing items up to two pounds, a money counter, a device used to grind marijuana into a powder, and a pipe and other items associated with smoking marijuana. Just outside the residence in the trunk of the [Petitioner's] Honda Civic, officers located a number of additional guns and an ammunition can containing $1,000,300 cash, all in $100 bills that were issued prior to the year 2000. Officers also located marijuana plants growing in an Igloo cooler and various items of personal property, including vehicles and farming equipment, believed to be derived from the [Petitioner's] involvement in drug trafficking.

The [Petitioner] moved pre-trial to suppress the evidence seized during the search, arguing that the affidavit supporting the search warrant failed to establish probable cause and contained false information. The [Petitioner] also moved to dismiss the forfeiture count of the indictment, arguing that the forfeiture was barred by the five-year statute of limitations and by the State's failure to comply with the forfeiture statute. After a hearing on March 19, 2013, the trial court denied the motions.

The case proceeded to trial,[1] and the jury found the [Petitioner] guilty of the following six offenses: (1) simple possession of cocaine in an amount of over .5 grams; (2) possession of marijuana in an amount of not less than one-half ounce nor more than ten pounds with intent to sell; (3) conspiracy to possess over 300 pounds of marijuana with intent to sell or deliver; (4) conspiracy to commit money laundering; (5) money laundering; and (6) unlawful possession of a firearm with intent to go armed during the commission of or attempt to commit a dangerous felony. The day after the jury rendered its verdict, the trial court held a hearing on the forfeiture count of the indictment, Tenn. Code Ann. § 39-11-708(d) (2010), and ordered forfeiture of the cash and other personal property found during the search.

Tuttle, 515 S.W.3d at 289-290.

The Petitioner appealed to this court, arguing that (1) the search of his property violated his constitutional right against unreasonable searches and seizure because the affidavit in support of the search warrant did not provide probable cause for the issuing judge to believe that evidence of a crime would be found on his property and in his home, (2) the evidence was insufficient to sustain his conspiracy convictions, and (3) he was entitled to the return of the $1,098,050 because the cash seized was obtained by him more than five years prior to the seizure and because the seizing agent failed to deliver a notice of seizure to him at the time the cash was seized. Jerry Lewis Tuttle, 2015 WL 5251990, at *1. Upon review, we reversed the trial court's ruling on the motion to suppress, vacated the Petitioner's convictions of conspiracy to commit money laundering and conspiracy to possess marijuana in an amount over 300 pounds with intent to sell or deliver, and affirmed the trial court's order of forfeiture. Id. at *11-20, *29. The Petitioner filed a petition for rehearing concerning his forfeiture claim, which this court denied. See State v. Jerry Lewis Tuttle, No. M2014-00566-CCA-R3-CD, 2015 WL 5812945 (Tenn. Crim. App. Oct. 5, 2015).

The Tennessee Supreme Court granted the State's application for permission to appeal and following review, reversed this court's decision holding the search warrant invalid. Tuttle, 515 S.W.3d at 289. The Court further reversed this court's conclusion

---

[1] Prior to trial, the Petitioner and his wife (one of several co-defendants) jointly motioned the trial court for a Rule 9 interlocutory appeal, which was granted. However, following review, this court determined an interlocutory appeal was not warranted and the case proceeded to trial. See State v. Jerry Tuttle and Tammy Tuttle, No. M2013-01535-CCA-R9-CD (Tenn. Crim. App. Aug. 26, 2013) (Order). At that time, it appears the State was proceeding against both the Petitioner and his wife together, but at some point, the cases were separated. See State v. Tammy Tuttle, No. M2017-00788-CCA-R3-CD, 2018 WL 4190789 (Tenn. Crim. App. Aug. 31, 2018), perm. app. denied (Tenn. Oct. 31, 2018).

that the evidence was insufficient to support the Petitioner's conspiracy convictions and reinstated the trial court's judgment approving the jury's verdict.  Id.  Finally, the Court affirmed this court's decision, on separate grounds, upholding the trial court's judgment ordering forfeiture of the $1,098,050.  Id.

On April 9, 2018, the Petitioner filed a pro se "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE."  The petition was verified as mailed on April 4, 2018, and the post-conviction court concluded that the petition was timely filed.  In his petition, the Petitioner requested that post-conviction counsel be appointed.  He also raised eight different claims of ineffective assistance of trial counsel, which he supported with a seventy-page memorandum describing each claim in detail.  Specifically, the Petitioner claimed that trial counsel was ineffective at trial and on direct appeal for the following reasons:

1. PETITIONER'S ATTORNEY FAILED TO MOVE FOR JUDG[]MENT OF ACQUITTAL AT THE END OF THE PROSECUTION'S CASE, MOTION FOR NEW TRIAL AND/OR DIRECT APPEAL; AND/OR MOVE TO DISMISS, OR CHALLENGE AS INSUFFICIENT EVIDENCE THE CONSPIRACY CONVICTION WHERE ALL OF THE INDICTED CO-DEFENDANT[']S CASES WERE DISMISSED AND [THE PETITIONER] IS THE ONLY PERSON CONVICTED OF CONSPIRACY.

. . . .

2. PETITIONER'S ATTORNEY REPRESENTED AN ACTIVE CONFLICT OF INTEREST IN HIS SIMULTANEOUS REPRESENTATION OF BOTH THE PETITIONER AND HIS WIFE . . . .

. . . .

3. PETITIONER'S COUNSEL FAILED TO CHALLENGE THE MONEY-LAUNDERING AND/OR MONEY LAUNDERING CONSPRIACY INDICTMENT, PROOF AND/OR CONVICTION IN THE CASE WHERE:

A. The indictment charging conspiracy to commit money laundering was void as the language and facts therein did not constitute the underlying offense of money laundering or any criminal offense;

- 4 -

B. There was a material and otherwise fatal variance between the indictment and the proof; and

C. The prosecution's proof and/or court's jury instructions impermissibly constructively amended the indictment in the case.

D. Where the indictment is duplicitous and/or no juror unanimity.

. . . .

4. PETITIONER'S ATTORNEY FAILED TO SEEK AND/OR OTHERWISE PERMIT THE PETITIONER A JURY TRIAL ON THE ISSUE OF FORFEITURE WHEREFROM A REASONABLE PROBABILITY OF A MORE FAVORABLE OUTCOME OF NO FORFEITURE OF THE PRE 2000 PRINTED $1,098,050 WOULD HAVE OCCURRED THEREBY.

. . . .

5. PETITIONER'S COUNSEL FAILED TO TIMELY AND PROPERLY CHALLENGE THE FORFEITURE OF THE $1,098,050, PRINTED PRE 2000, ON GROUNDS OF COLLATERAL ESTOPPEL AND/OR RES JUDICATA WHERE THE STATE'S CHOSEN POSITION FOR THE FORFEITURE WAS THE MONEY HAD BEEN HIDDEN AND HENCE PERMITTED TO BE FORFEITED OUTSIDE THE STATUTE OF LIMITATIONS, WHEN ALL MATTERS RELATIVE FORFEITURE OF ANY PRE 2000-2002 MONEY HAD BEEN RESOLVED IN THE PETITIONER'S 2002 GUILTY PLEA TO CHARGES RELATIVE THERETO.

. . . .

6. COUNSEL FAILED TO FILE A PRE-TRIAL MOTION IN LIMINE AND/OR OTHERWISE OBJECT TO EVIDENCE FROM THE 2002 CASE ON THE BASIS THAT THE SAME COULD PREJUDCIALLY BE CONSTRUED BY THE JURY AS EVIDENCE TO CONSIDER GUILT OF CONSPIRACY IN THE PRESENT CASE, HENCE A RULE 404 VIOLATION, AND/OR A CREATING [sic] A SITUATION OF DOUBLE JEOPARDY.

. . . .

- 5 -

7. PETITIONER'S COUNSEL FAILED TO ARGUE AND/OR REQUEST AN INSTRUCTION ON THE LESSER[] INCLUDED OFFENSE OF FACILITATION OF CONSPIRACY TO SELL OVER 300 POUNDS OF MARIJUANA.

. . . .

8. PETITIONER'S COUNSEL FAILED TO RAISE PRETRIAL, AT TRIAL AND/OR ON MOTION FOR NEW TRIAL AND DIRECT APPEAL THE PROSECUTION'S CHARGING OF THE PETITIONER WITH CONSPIRACY TO POSSESS WITH INTENT TO SALE OR DELIVER AND/OR AN ISSUE OF LACK OF JURY UNINIMITY UNDER PROOF AND CONVICTION OF THE SAME.

On April 19, 2018, the post-conviction court issued a written order summarily dismissing the petition for failure to state a colorable claim. In it, the post-conviction court concluded, "[a]ll issues raised by [the] Petitioner were either presented in a Motion for Judgment of Acquittal, Motion for New Trial, as grounds for appeal, or are based on mere speculation." The post-conviction court found,

Sufficiency of the evidence as to the conspiracy conviction was properly raised and addressed by the Court of Criminal Appeals and the Supreme Court, and affirmed.

The record reflects that a Waiver of any Conflict of Interest that might be created by dual representation of both [the Petitioner] and [the Petitioner's wife], was executed by [the] Petitioner and filed with the Trial Court on September 12, 2013.

The money laundering indictments were valid indictments, properly submitted to the Court and the jury. No legal challenge to the indictment was necessary to be raised pre-trial. The jury returned verdicts of guilty. The higher courts affirmed.

The record reflects that on the first day of trial, October 15, 2013, the parties consented to a bench trial on Count 5 of Case No. 22091, Judicial Forfeiture. With the exception of the $1,098,050 seized, a waiver of appeal of the Court's ruling was executed by both the State and the [Petitioner]. All appropriate issues relative to forfeiture of the cash, including issues as to the pre-2000 dates of the currency and statute of

limitations, were submitted and addressed by the Court of Criminal Appeals and the Supreme Court, and affirmed.

[The] Petitioner's theory of a "reasonable probability of a more favorable outcome" with a jury relative to Count 5 is mere speculation. [The] Petitioner presents no basis in fact to support his theory.

Ground No. 6 of the Petition is difficult to understand. The Memorandum does not help. The record reflects that defense counsel covered all appropriate issues relative to [the] Petitioner's 2002 case. Grounds presented in the Motions for Judgment of Acquittal and/or New Trial included that the verdicts were contrary to the law and the evidence. The Appellate Court and the Supreme Court affirmed the verdicts.

All lesser included offenses to each and every offense were addressed by the Court counsel in open court, and approved, with no objection. The evidence did not support a lesser[] included offense of facilitation of conspiracy to sell over 300 pounds of marijuana. The higher courts upheld all verdicts.

There is absolutely no issue in the trial of lack of jury unanimity as to any verdict. Each juror affirmed to the Court that the verdicts were unanimous.

The Court finds that the Petition for Post-Conviction Relief fails to present a colorable claim and should be summarily denied.

On April 27, 2018, the Petitioner filed a Notice of Appeal to this court and subsequently filed a pro se brief in support of the same. Thereafter, appellate counsel was appointed by the post-conviction court for purposes of this appeal, noticed this court of his appearance, and motioned this court to file a supplemental brief on the Petitioner's behalf. Appellate counsel's motion was granted and a supplemental brief was filed.

## ANALYSIS

In his pro se brief, which was adopted and incorporated in his supplemental brief, the Petitioner contends that the post-conviction court erred in (1) summarily dismissing his petition for failure to state a colorable claim; (2) summarily dismissing his petition without a response from the State, the appointment of counsel, and/or an evidentiary hearing; and (3) failing to make the appropriate findings of facts and conclusions of law

in preliminarily dismissing his petition.[2]  The State concedes, and we agree, that the post-conviction court erred in summarily dismissing the Petitioner's post-conviction petition.

We review the propriety of a post-conviction court's summary dismissal of a post-conviction petition de novo.  See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002); Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).  Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right.  Tenn. Code Ann. § 40-30-103.  The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds."  Tenn. Code Ann. § 40-30-106(d).  Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings.  See id.  Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition."  Id.  "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed."  Id.

In the event that an amended petition is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel and may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition.  Id. § 40-30-106(e).  "If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition."  See id. § 40-30-106(f).  The order of dismissal shall set forth the post-conviction court's conclusions of law.  See id.  A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition.  See id. § 40-30-106(a).

In Burnett v. State, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief should be dismissed without a hearing.  92 S.W.3d at 406.  First, the court should review the petition to determine whether the petition asserts a colorable claim.  Id.  A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'"  Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)).  Accordingly, "[i]f the facts alleged, taken as

---

[2] Appellate counsel did not raise any additional claims to those previously raised in the Petitioner's pro se brief to this court.  Instead, appellate counsel adopted and incorporated the pro se issues and supplemented the Petitioner's arguments as appropriate.

true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." Id. (citing Tenn. Code Ann. § 40-30-206(f) (1997)). Second, the post-conviction court "may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary." Id. (citing Tenn. Code Ann. § 40-30-207(b)(1) (1997)). The Burnett court summarized the last step in the process:

> In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it. If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed [without an evidentiary hearing].

Id. (citing § 40-30-209(a) (1997)).

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing Tenn. Code Ann. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing Tenn. Code Ann. § 40-30-109).

The post-conviction court summarily dismissed the Petitioner's post-conviction petition for failure to state a colorable claim, reasoning that his claims had been previously "presented in a Motion for Judgment of Acquittal, Motion for New Trial, as grounds for appeal, or are based on mere speculation." After a thorough review of all related documents, we disagree.[3] Although the underlying claims encompassed in the petition may very well have been addressed in other proceedings, we are unable to conclude that the Petitioner has argued ineffective assistance of counsel concerning those claims prior to this proceeding. See, e.g., Fallon Lynn Tallent v. State, No. M2007-01336-CCA-R3-PC, 2008 WL 762486 (Tenn. Crim. App. March 24, 2008) (reversing summary dismissal and recognizing that although the petitioner's claims appear to be nothing more than a thinly veiled attempt to relitigate issues previously determined on direct appeal, petitioner was entitled to appointment of counsel because her claims were

---

[3] On October 11, 2018, this court entered an order taking judicial notice of the appellate record in the Petitioner's original, direct appeal.

raised in the context of ineffective assistance of counsel); see also Jeremy Crosby v. State, No. M2007-00611-CCA-R3-PC, 2008 WL 1850805 (Tenn. Crim. App. Apr. 25, 2008) (affirming the majority of post-conviction court's order summarily dismissing petition but remanding case for appointment of counsel to address petitioner's ineffective assistance of counsel claim). Here, each of the Petitioner's eight claims hinge on trial counsel's ineffectiveness, therefore, the post-conviction court erred in determining that the claims had been previously determined.

To the extent that the post-conviction court found that the Petitioner's claims were "based on mere speculation," we note that "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." William Alexander Cocke Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004) (citing Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003); Tenn. Code Ann. §§ 40-30-106(b)-(d)). Moreover, a petitioner is not required to prove the claims in his petition; he must only allege a colorable claim. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to *seek* relief in a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding."). Because the Petitioner's claims, if taken as true, would entitle him to relief, coupled with his request for post-conviction counsel, we agree with the State and conclude that the Petitioner has presented a colorable claim for relief and the appointment of counsel is necessary. Accordingly, the post-conviction court erred in summarily dismissing the petition.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the post-conviction court is reversed. We remand this matter to the post-conviction court for the appointment of counsel and any further proceedings consistent with this opinion.

_____
CAMILLE R. MᴄMULLEN, JUDGE

- 10 -