IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2010

### KENNETH J. CRADIC v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C57,096     R. Jerry Beck, Judge**

---

**No. E2010-00140-CCA-R3-PC - Filed June 30, 2010**

---

The Petitioner, Kenneth J. Cradic, appeals the summary dismissal of post-conviction relief by the Sullivan County Criminal Court. The Petitioner was convicted of three counts of rape of a child, a Class A felony, and three counts of incest, a Class C felony. He received a sentence of twenty years for each rape of a child conviction and a sentence of four years for each incest conviction. The trial court ordered that two of the twenty-year sentences for rape of a child be served consecutively to one another but concurrently with the third conviction and ordered that the three counts of incest be served consecutively to one another but concurrently with the rape of a child convictions, for an effective sentence of forty years. On appeal, the Petitioner contends that the post-conviction court erred in summarily dismissing his petition for post-conviction relief without appointing counsel. Upon review, we reverse the judgment summarily denying post-conviction relief and remand this case to the post-conviction court for a full evidentiary hearing on the Petitioner's claim of ineffective assistance of counsel regarding the misapplication of the sentencing law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Kenneth J. Cradic, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James F. Goodwin, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background.** This court summarized the facts regarding the Petitioner's underlying convictions on direct appeal:

At trial, the law enforcement officers again testified that they began their investigation after the victim made statements implicating her father, the defendant, as a perpetrator of sexual assault against her. One of the events occurred at a motel in the Kingsport city limits and the other events occurred at the defendant's home. The defendant provided a statement to the Kingsport Police detective in which he claimed he "only had sex with her once" and that he was "just trying to show her love." He further told the detective that he had sex with his daughter twice at his home, once in the bathroom and once in the bedroom. The statement was reduced to writing, and the defendant signed it.

The lieutenant with the Sullivan County Sheriff's Office testified at trial that he became aware of the investigation regarding the defendant and the victim after a phone call from the Kingsport Police. He interviewed the defendant and prepared a written statement based on the defendant's oral statement to him that included an admission that he had engaged in intercourse with the victim. The defendant told him that there was only one incident of sexual contact and that it occurred after the victim allegedly asked him to show her what sex felt like.

The victim testified that the defendant was her father and that she was fifteen years old at the time of trial. She said that the defendant would touch her "kittycat" and "boobies" with his fingers, mouth, and his "lizard." She testified that he touched her at his home and at a motel. She said that, during each incident, the defendant removed the victim's clothes and that he put himself inside her until "white stuff came out from his lizard." She described in detail the circumstances surrounding each assault and testified that she told the defendant that it hurt, but he did not stop. She also testified that he told her not to tell anyone what was happening and that she should keep it a secret. The victim said she could not keep it a secret because "it hurt so bad."

During cross-examination, the victim testified that she recalled telling her stepmother, the defendant's wife, that she said the defendant did these things to her because she was afraid of the actual perpetrator. She also acknowledged that she told two other people that the defendant was not the person who touched her.

During redirect examination, the victim testified that her mother's boyfriend also touched her but that he did so after the defendant had touched her. She said that her stepmother told the victim that she would buy her gifts if she would tell the authorities that the defendant did not do anything.

The victim's stepmother testified that the defendant usually signs paperwork without reading it. The victim's cousin testified that the victim told him that her stepfather, not the defendant, "did it."

The defendant also testified that he does not read documents and that he did not admit to the offenses he was accused of by the victim. He said he merely repeated what the detective told him. He also denied admitting to the lieutenant that he had done anything to the victim. He testified that the lieutenant told him what he was being accused of and that he repeated the accusations back to the officer. The defendant said he signed and initialed the statement based on the notes the lieutenant made during their interview. The defendant denied having inappropriate sexual contact with his daughter.

State v. Kenneth J. Cradic, No. E2006-01975-CCA-R3-CD, 2008 WL 2937882, at *1-2 (Tenn. Crim. App., at Knoxville, July 31, 2008), perm. to appeal denied (Tenn. Jan. 20, 2009).

The Petitioner was convicted of three counts of rape of a child and three counts of incest and was sentenced to an effective sentence of forty years. See id. at *1. On direct appeal, he argued that the evidence was insufficient to support his convictions and that the trial court erred in joining his offenses for trial, in refusing to suppress his statements, and in ordering consecutive sentencing. See id. On appeal, this court affirmed the judgments of the trial court. See id.

On September 25, 2009, the Petitioner filed a pro se petition for post-conviction relief, claiming the following: (1) his conviction was based on the use of a coerced confession, (2) his conviction was based on a violation of the privilege against self-incrimination, (3) he was denied effective assistance of counsel, (4) newly discovered evidence existed, and (5) other unspecified grounds. On the same date, the Petitioner also filed a Memorandum of Law in Support of Petition for Post-Conviction Relief. This memorandum discussed two issues: (1) trial counsel rendered ineffective assistance by failing to advise him that he could have been sentenced under the pre-2005 sentencing act rather than the amended sentencing act, and (2) the trial court erred in failing to grant him an evidentiary hearing on the issue of newly discovered evidence before denying his motion for judgment of acquittal or motion for new

trial. On October 6, 2009, the post-conviction court filed a written order summarily dismissing the petition. In this order, the post-conviction court held:

> Most of the pro-se [sic] petition cites broad case law on legal conclusions.
>
> The pro-se [sic] petitioner in his form pleading merely circles
>
> (2) . . . coerced confession . . .
>
> (5) . . . privilege against self incrimination . . .
>
> (9) . . . Denial of effective assistance of counsel . . .
>
> (10) Newly discovered evidence.
>
> (12) Other grounds.
>
> The pleading is only conclusionary [sic] and sets out no factual basis.
>
> Further it should be noted that the confession issue was addressed by the trial court and on direct appeal.
>
> **Finding:** Pursuant to T.C.A. [§] 40-30-106(d), this pro-se [sic] petition for post-conviction relief is denied. "Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition."
>
> WHEREFORE, the pro-se [sic] petition for post-conviction relief filed on September 25, 2009, is dismissed.

The Petitioner filed a timely notice of appeal on November 4, 2009.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in summarily dismissing his petition for post-conviction relief without appointing counsel. In response, the State argues that the court's summary dismissal of post-conviction relief was proper. Specifically, the State contends that the Petitioner failed to provide a factual basis for any of his claims, the record does not support the Petitioner's claims, and the Petitioner has failed to present any colorable claims on appeal.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Id. § 40-30-106(d) (2006). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. See id. Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." Id. "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." Id.

In the event that an amended petition is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel and may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. See id. § 40-30-106(e) (2006). "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Id. § 40-30-106(f) (2006). The order of dismissal shall set forth the post-conviction court's conclusions of law. See id. A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition. See id. § 40-30-106(a) (2006).

In Burnett v. State, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief should be dismissed without a hearing. 92 S.W.3d 403, 406 (Tenn. 2002). First, the court should review the petition to determine whether the petition asserts a colorable claim. Id. A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)). Accordingly, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." Id. (citing T.C.A. § 40-30-206(f) (1997)).[1] Second, if the petition is not dismissed for failure to state a colorable claim, the post-conviction court "may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary." Id. (citing T.C.A. § 40-30-207(b)(1) (1997)).[2] The Burnett court summarized the last step in the process:

---

[1]Section 40-30-206 was renumbered to 40-30-106 in 2003.

[2]Section 40-30-207 was renumbered to 40-30-107 in 2003.

In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it. If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed [without an evidentiary hearing].

Id. (citing § 40-30-209(a) (1997)).[3]

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109), perm. to appeal denied (Tenn. Sept. 30, 1985).

We note that "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." William Alexander Cocke Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App., at Nashville, May 4, 2004) (citing Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App., at Knoxville, May 16, 2003); T.C.A. § 40-30-106(b)-(d)). Furthermore, there is no requirement that a petitioner prove his claims; he must only allege a colorable claim in his petition. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to seek relief in a post-conviction proceeding and the right to have relief in a post-conviction proceeding."). Typically, a petitioner would be required to prove his claims by clear and convincing evidence at an evidentiary hearing. See William Alexander Cocke Stuart, 2004 WL 948390, at * 3. However, the Petitioner in this case was not afforded a hearing on any of his claims.

Here, the Petitioner alleged the following grounds for relief in his post-conviction petition: (1) his conviction was based on the use of a coerced confession, (2) his conviction was based on a violation of the privilege against self-incrimination, (3) he was denied effective assistance of counsel, (4) newly discovered evidence existed, and (5) other unspecified grounds. However, of these five grounds, only two of these grounds were

_____

[3]Section 40-30-209 was renumbered to 40-30-109 in 2003.

supported by facts in the memorandum attached to the petition, namely: (1) trial counsel rendered ineffective assistance by failing to advise him that he could have been sentenced under the pre-2005 sentencing act rather than the amended sentencing act, and (2) the trial court erred in failing to grant him an evidentiary hearing on the issue of newly discovered evidence before denying his motion for judgment of acquittal or motion for new trial. Accordingly, we cannot consider the grounds regarding a coerced confession, the violation of the privilege against self-incrimination, and the other unspecified grounds in light of the Petitioner's failure to provide a "factual basis [for] those grounds." T.C.A. § 40-30-106(d) (2006). Additionally, these grounds appear to be either previously determined or waived. See id. § 40-30-106(g), (h) (2006). However, in contrast to the post-conviction court's finding, we conclude that the Petitioner did provide a factual basis for the issues concerning ineffective assistance of counsel and newly discovered evidence. We also conclude that, as stated, these two claims are colorable grounds for post-conviction relief. Therefore, our review is limited to these two issues.

**I. Ineffective Assistance of Counsel.** The Petitioner contends that trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to advise him that he could have been sentenced under the pre-2005 sentencing act rather than the amended sentencing act. He also asserts that counsel allowed him to be sentenced under the amended sentencing act without executing a waiver of ex post facto protections.

The Compiler's Notes to amended Tennessee Code Annotated section 40-35-210 (2006) identified the eligible defendants who could elect the pre-2005 sentencing act or the amended sentencing act:

> Offenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects. However, for defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto protections. Upon executing such a waiver, all provisions of the act shall apply to the defendant.

Here, the record does not disclose the dates of all of the offenses in this case, although the record does show that the Petitioner was sentenced for these offenses on January 17, 2006, which is after the aforementioned June 7, 2005 deadline. We note that the Petitioner only included portions of the sentencing hearing transcript rather than the transcript in its entirety. These sections of the transcript indicate that the Petitioner had the option of being sentenced under the pre-2005 sentencing act or the amended sentencing act. They also show an acknowledgment by defense counsel that the Petitioner was sentenced pursuant to the amended sentencing act. Moreover, these sections of the transcript show that the State, the

defense, and the trial court were confused about the proper application of the pre-2005 sentencing act and the amended sentencing act, given the recent changes in the law. No waiver of ex post facto protections is included in the record, and the Petitioner maintains that he never signed a waiver indicating his desire to be sentenced pursuant to the amended sentencing act.

The Petitioner claims that counsel rendered ineffective assistance in failing to advise him that he could have been sentenced under the pre-2005 sentencing act rather than the amended sentencing act. However, we note that "[t]here is no appellate review of the sentence in a post-conviction or habeas corpus proceeding." Id. § 40-35-401(a) (2006). In other words, a sentencing issue is not a colorable claim in a post-conviction proceeding. See Burnett, 92 S.W.3d at 406 (A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'"). The law is clear that the Petitioner waived the underlying issue regarding the misapplication of the sentencing law because he failed to raise it on direct appeal. See T.C.A. § 40-30-106(g) (2006). However, the Petitioner's claim of ineffective assistance of counsel regarding the misapplication of the sentencing law was a proper issue for the post-conviction court. Furthermore, the Petitioner did, in fact, articulate a factual basis for the ineffective assistance of counsel claim in the memorandum attached to his petition. Therefore, without making a finding regarding the merits of the Petitioner's claim, we conclude that it is proper to remand this case to the post-conviction court for an evidentiary hearing on this issue.

**II. Newly Discovered Evidence.** The Petitioner also contends that his Sixth Amendment rights were violated when the trial court failed to grant him an evidentiary hearing on the issue of newly discovered evidence before denying his motion for judgment of acquittal or motion for new trial. This newly discovered evidence was in the form of a notarized affidavit from the Petitioner's wife, Pat Cradic, wherein she stated that the victim had informed her that the Petitioner did not commit the alleged offenses and that Larry Ritchie had threatened the victim and forced her to testify that the Petitioner committed the alleged offenses. The record shows that this affidavit was attached to the Petitioner's motion for judgment of acquittal, and the issue regarding the newly discovered evidence was submitted to the trial court at the motion hearing. However, the Petitioner only included the last page of the motion for judgment of acquittal in the record on appeal. While the record does include a complete copy of the affidavit signed by Pat Cradic, neither the transcript from the motion for new trial hearing nor the order denying the motion are included in the record.

The Petitioner acknowledges that he presented the affidavit and the issue of newly discovered evidence to the trial court at the hearing on the motion for judgment of acquittal or motion for new trial. He also acknowledges that this motion was denied by the trial court.

Despite the Petitioner's claim that he was not granted an evidentiary hearing on this newly discovered evidence, we are unable to determine, because of the limited record, whether the trial court actually conducted an evidentiary hearing on this issue prior to entering its order denying the motion. Therefore, we are unable to determine whether this ground was previously determined by the trial court. See id. § 40-30-106(h). However, it is clear that although the Petitioner appealed his convictions and sentence, he failed to include the issue regarding the newly discovered evidence in his direct appeal. See Kenneth J. Cradic, 2008 WL 2937882, at *1. Accordingly, this issue is waived. See T.C.A. § 40-30-106(g) (2006).

Waiver notwithstanding, the Petitioner is not entitled to relief on this issue. In order to obtain a new trial on the basis of newly discovered evidence, the defendant must show: "(1) reasonable diligence in seeking the newly discovered evidence; (2) materiality of the evidence; and (3) that the evidence will likely change the result of the trial." State v. Nichols, 877 S.W.2d 722, 737 (Tenn. 1994) (citing State v. Goswick, 656 S.W.2d 355, 358-60 (Tenn. 1983)). Typically, a petitioner will not be granted a new trial where the newly discovered evidence merely "contradicts or attempts to impeach" a witness's testimony at trial. State v. Sheffield, 676 S.W.2d 542, 554 (Tenn. 1984). However, "if the impeaching evidence is so crucial to the defendant's guilt or innocence that its admission will probably result in an acquittal, a new trial may be ordered." State v. Singleton, 853 S.W.2d 490, 496 (Tenn. 1993) (citing State v. Rogers, 703 S.W.2d 166, 169 (Tenn. Crim. App. 1985), perm. to appeal denied (Tenn. Sept. 30, 1985); Rosenthal v. State, 292 S.W.2d 1, 4-5 (Tenn. 1956), cert. denied, 352 U.S. 934, 77 S. Ct. 222 (1956); Evans v. State, 557 S.W.2d 927, 938 (Tenn. Crim. App. 1977), perm. to appeal denied (Tenn. Nov. 7, 1977)). The record indicates that reasonable diligence in seeking the newly discovered evidence is not at issue here since the affidavit was not obtained until after the jury trial. See Nichols, 877 S.W.2d at 737. However, because the trial transcript was not included in the record, it is more difficult to determine the materiality of the affidavit or to determine whether the affidavit would have changed the result of the trial. See id. This court's summary of the facts in this case on direct appeal indicates that the victim's credibility and Pat Cradic's credibility were challenged at trial. During cross-examination, the victim stated that she informed Pat Cradic that she claimed the Petitioner committed these offenses because she was afraid of the actual perpetrator. See Kenneth J. Cradic, 2008 WL 2937882, at *2. The victim also admitted telling two other individuals that the Petitioner was not the one who committed these offenses. Id. During re-direct examination, the victim stated that her step-mother, Pat Cradic, offered to buy her gifts if she would tell the police that the Petitioner did not do anything. Id. Additionally, the victim's cousin testified that the victim told her that the victim's stepfather, not the Petitioner, committed the offenses. Id. Given this testimony at trial as well as the Petitioner's written admission of the offenses, we conclude that the Petitioner failed to prove the materiality of the evidence or that the newly discovered evidence would likely change the result of his trial. See Nichols, 877 S.W.2d at 737.

Therefore, notwithstanding waiver, we conclude that the Petitioner is not entitled to relief on this issue.

## CONCLUSION

Upon review, we reverse the judgment summarily denying post-conviction relief and remand this case to the post-conviction court for a full evidentiary hearing on the Petitioner's claim of ineffective assistance of counsel regarding the misapplication of the sentencing law.

_____
CAMILLE R. McMULLEN, JUDGE