# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2012

## KENNETH GREGORY ALLEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 11CR93     Robert Crigler, Judge**

---

**No. M2012-00065-CCA-R3-PC - Filed December 27, 2012**

---

The Petitioner, Kenneth Gregory Allen, appeals from the Marshall County Circuit Court's summary dismissal of his pro se petition for post-conviction relief. On appeal, the Petitioner asserts that the post-conviction court erred in failing to acknowledge his claim of ineffective assistance of counsel and dismissing his petition based solely on finding that the issues raised therein were previously determined. Upon review, we reverse the judgment of the post-conviction court and remand for appointment of counsel and an evidentiary hearing with regard to the Petitioner's ineffective assistance of counsel claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Kenneth Gregory Allen, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles F. Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Based on our opinion in the Petitioner's direct appeal, his convictions were based on "selling cocaine to a police informant on multiple occasions." State v. Kenneth Gregory Allen, No. M2009-00070-CCA-R3-CD, 2010 WL 3323795, at *1 (Tenn. Crim. App. Aug. 24, 2010), perm. app. denied (Tenn. Jan. 14, 2011).

The [Petitioner], Kenneth Gregory Allen, was convicted [by a Marshall County jury] of two counts of the sale of less than .5 grams of cocaine base and two counts of delivery of less than .5 grams of cocaine base, both Class C felonies; and sale of more than .5 grams of cocaine base, delivery of more than .5 grams of cocaine base, possession of more than .5 grams of cocaine with the intent to sell, and possession of more than .5 grams of cocaine with the intent to deliver, all Class B felonies. The trial court merged the delivery convictions with the convictions for the sale of cocaine. The [Petitioner] was sentenced to serve thirty years at sixty percent for the conviction for sale of more than .5 grams of cocaine and for the possession with the intent to sell. He was sentenced to serve fifteen years at sixty percent for the two convictions for the sale of less than .5 grams of cocaine. The sentences were ordered to run concurrently with each other but to run consecutively to case 16510, also a drug conviction, and "any unexpired sentence." This resulted in an aggregate forty-year sentence. . . .

. . . .

During the sentencing hearing, the trial court was notified that the [Petitioner] had six prior Class B felony convictions which would qualify him as a career offender. A Probation and Parole employee testified that when the [Petitioner] committed the underlying crimes, he was on probation for conviction on case 16510.

. . . .

. . . At the conclusion of the [sentencing] hearing, the trial court made findings that, based on his prior convictions, the [Petitioner] was a career offender.

Id. The Petitioner's direct appeal challenged the trial court's sentencing and asserted the following three arguments:

He contends that the trial court erred in classifying him as a career offender and in ordering that his most recent sentences run consecutively to his earlier sentence. He also argues that the controlled purchases constitute entrapment by law enforcement and should not serve as separate criminal activity so as to make him a career offender.

Id. at *2. This Court agreed with the State that "because the [Petitioner] had six prior Class B felony convictions and was convicted of four Class B felonies and four Class C felonies

in the instant case, the trial court was required to sentence him to the maximum in his range, thirty years, pursuant to Tennessee Code Annotated section 40-35-108(c)." Id. at *2. Therefore, we concluded that the Petitioner "was properly considered a career offender for sentencing purposes." Id. at *2.

After the Tennessee Supreme Court declined review, the Petitioner timely filed a petition for post-conviction relief alleging "trial court errors" and "ineffective assistance of counsel." In his petition, he specifically contends the following trial court errors:

> 1) . . . . that the trial court erred by sentencing him in the present case as a Career Offender based upon his Prior Convictions in Case No.:16510 Cts. 1-12 due to him being sentenced under the 2005 amended sentencing act without a waiver, which resulted in a violation of his ex post facto prohibitions. . . .
>
> . . . .
>
> 2) . . . . that the trial court erred by sentencing the petitioner as a Career Offender based upon the petitioner having six (6) prior convictions coupled with his present conviction which was a class B felony. . . .
>
> . . . .
>
> 3) . . . . that his constitutional right to a fair trial was violated when the trial court fail[ed] to act as (Thirteenth Juror) when the State relied upon on T.C.A. § 40-35-108(A)(a)(1) to classify the petitioner as a Career Offender when in fact the statute is ambiguous and unconstitutional.

He additionally claimed that he received ineffective assistance of counsel based on trial counsel's failure "to challenge the sentencing court for sentencing him as a Career Offender pursuant to T.C.A. § 40-35-108(a)(1) which is ambiguous and unconstitutional" and "to challenge the fact that [the Petitioner] now stands convicted and sentenced as a career offender based upon six (6) illegal prior convictions that he never executed a waiver on thus denying him his ex post facto protections." The Petitioner simultaneously filed a motion for appointment of counsel.

The post-conviction court initially denied the petition without a hearing upon finding that it was barred by the statute of limitations. After the Petitioner filed a motion to alter or amend the order and the State filed a response, the post-conviction court amended its order, finding that the petition was not time-barred but that "the only ground raised in [the petition] concerned sentencing and the issue of sentencing was reviewed on appeal." The post-

conviction court amended its order "to reflect that the petition be dismissed because it raises only an issue that has already been reviewed on appeal instead of dismissed because of the statute of limitations."  The Petitioner timely filed a notice of appeal.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in (1) finding that his petition only raised issues which had been reviewed on direct appeal and (2)  failing to appoint counsel to represent him on his post-conviction petition.  The State agrees that the trial court erred when it concluded that the Petitioner's allegation of ineffective assistance of counsel had been previously determined.  We agree with the parties and reverse and remand this matter to the post-conviction court for appointment of counsel and a hearing with respect to the Petitioner's claim of ineffective assistance of counsel.

We review the propriety of a post-conviction court's summary dismissal de novo. See, e.g., Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002); Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).  Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006).  The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d) (2006).  Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings.  See id. Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition."  Id.  "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed."  Id.

In the event that an amended petition is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel and may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition.  Id. § 40-30-106(e) (2006).  "If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition."  See id. § 40-30-106(f) (2006).  The order of dismissal shall set forth the post-conviction court's conclusions of law. See id.  A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition.  See id. § 40-30-106(a) (2006).

In Burnett v. State, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief

-4-

should be dismissed without a hearing.  92 S.W.3d 403, 406 (Tenn. 2002).  First, the court should review the petition to determine whether the petition asserts a colorable claim.  Id. A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)).  Accordingly, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed."[1]  Id. (citing T.C.A. § 40-30-206(f) (1997)).  Second, the post-conviction court "may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary."  Id. (citing T.C.A. § 40-30-207(b)(1) (1997)).[2]  The Burnett court summarized the last step in the process:

> In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it.  If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed [without an evidentiary hearing].

Id. (citing § 40-30-209(a) (1997)).[3]

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)).  "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel."  Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104,-107, -115).  However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing."  Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109).

The Petitioner first claims, as he did in his direct appeal, that the trial court made several errors related to sentencing.  To the extent that the Petitioner is attempting to re-litigate the issues raised and rejected by this court on direct appeal,

---

[1]Section 40-30-206 was renumbered to 40-30-106 in 2003.

[2]Section 40-30-207 was renumbered to 40-30-107 in 2003.

[3]Section 40-30-209 was renumbered to 40-30-109 in 2003.

the post-conviction court correctly dismissed the appeal.[4]  However, because the Petitioner additionally raised ineffective assistance of trial counsel in his petition, a constitutionally recognized ground for post-conviction relief, we agree with the State, and conclude that the post-conviction court pre-maturely dismissed his petition. Fallon Lynn Tallent v. State, No. M2007-01336-CCA-R3-PC, 2008 WL 762486 (Tenn. Crim. App. March 24, 2008) (reversing summary dismissal and recognizing that the petitioner's claims appear to be nothing more than a thinly veiled attempt to re-litigate issues previously determined on appeal, because she filed her petition pro se and the issues raised in the petition were framed under a constitutionally recognized ground for post-conviction review [(ineffective assistance of counsel)]).

The petition clearly alleges that the Petitioner received ineffective assistance of counsel through trial counsel's failure "to challenge the sentencing court for sentencing him as a Career Offender."  The Petitioner further contends that trial counsel should have argued that (1) Tennessee Code Annotated, section 40-35-108(a)(1) "is ambiguous and unconstitutional" and (2) the Petitioner "never executed a waiver" on his prior convictions, thereby "denying him his ex post facto protections" and rendering his prior convictions "illegal" and therefore improper for consideration under section 40-35-108(a)(1).  Here, we are mindful that "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." William Alexander Cocke Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004) (citing Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003); T.C.A. § 40-30-106(b)-(d). Furthermore, there is no requirement that a petitioner prove his claims; he must only allege a colorable claim in his petition. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn.1998) ("There obviously is an important distinction between the right to seek relief in a post-conviction proceeding and the right to have relief in a post-conviction proceeding."); Cradic v. State, No. E2010-00140-CCA-R3-PC, 2010 WL 2612736 (Tenn. Crim. App. June 30, 2010) (citations omitted).  It is at the evidentiary hearing that "a petitioner would be required to prove his claims by clear and convincing evidence." Id.  Accordingly, we reverse the judgment of the post-conviction court summarily dismissing the petition with

---

[4] The Petitioner is not entitled to relief based on his claims concerning sentencing errors by the trial court because these claims either have been previously determined on direct appeal or could have been raised on direct appeal.  Issues that have been "previously determined" may not be re-litigated in a post-conviction procedure. See T.C.A. § 40-30-106(f)(2006). The Petitioner's claim alleging that the trial court erred in not acting as thirteenth juror is waived because the Petitioner failed to raise this argument on direct appeal. See T.C.A. § 40-30-106(g).

regard to the Petitioner's allegation of ineffective assistance of counsel. In all other respects, the judgment of the post-conviction court is affirmed.

## **CONCLUSION**

Upon a thorough review of the record, we reverse the judgment of the Marshall County Circuit Court and remand for proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE